FILED
2019 Sep-09  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"

ELECTRONICALLY FILED
~~01-CV-2019~~ 5:47 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br><br>Date of Filing:<br>08/07/2019 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DELORES BLEVINS ET AL v. BOBBY H NELSON ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☐ Business ☑ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

SPU006         8/7/2019 5:47:50 PM         /s/ ANTONIO DELFONJIA SPURLIN
_____   _____   _____
                              Date                        Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO



AlaFile E-Notice

01-CV-2019-903543.00

To:  IRA INNOVATIONS, LLC
     5184 CALDWELL MILL RD
     BIRMINGHAM, AL, 35244

## NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DELORES BLEVINS ET AL V. BOBBY H NELSON ET AL
01-CV-2019-903543.00

The following complaint was FILED on 8/7/2019 5:49:41 PM

Notice Date:    8/7/2019 5:49:41 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2019-903543.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**DELORES BLEVINS ET AL V. BOBBY H NELSON ET AL**

**NOTICE TO:** IRA INNOVATIONS, LLC, 5184 CALDWELL MILL RD, BIRMINGHAM, AL 35244

_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ANTONIO DELFONJIA SPURLING
_____
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 406 19th Street, SUITE 100,, BIRMINGHAM, AL 35218
_____
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
   this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DELORES BLEVINS
   pursuant to the Alabama Rules of Civil Procedure.                                    *[Name(s)]*

   8/7/2019 5:49:41 PM                    /s/ JACQUELINE ANDERSON  SMITH      By: _____
   *(Date)*                                *(Signature of Clerk)*                     *(Name)*

☑ Certified Mail is hereby requested.        /s/ ANTONIO DELFONJIA SPURLING
                                             *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
                                                                    *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,
      *(Name of Person Served)*              *(Name of County)*

Alabama on _____.
              *(Date)*

_____         _____      _____
*(Type of Process Server)*           *(Server's Signature)*              *(Address of Server)*

                                  _____      _____
                                     *(Server's Printed Name)*          *(Phone Number of Server)*

DOCUMENT 1

ELECTRONICALLY FILED
8/7/2019 5:47 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01<br><br>Date of Filing:<br>08/07/2019 | Judge Code: |
| --- | --- | --- | --- |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DELORES BLEVINS ET AL v. BOBBY H NELSON ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☑ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P., for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

SPU006    8/7/2019 5:47:50 PM    /s/ ANTONIO DELFONJIA SPURLIN
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☑ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions:   ☐ YES  ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
8/7/2019 5:47 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### (BIRMINGHAM DIVISION)

|  |  |
|---|---|
| DELORES BLEVINS | ) |
| HORACE BLEVINS | ) |
|  | ) |
|     Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| BOBBY H. NELSON, | ) |
| TRUSSVILLE REDEVELOPMENT | ) |
| AUTHORITY, LLC, IRA INNOVATION, LLC | ) |
| Lot 3, in Block 1, Plat "A" according to the | ) |
| Survey of the Acton Addition to Trussville as | ) |
| Recorded in Map Book 15, Page 83, in the | ) |
| Probate Office of the Jefferson County, Alabama) |  |
| And there may be other entities | ) |
| whose true names and identities | ) |
| are unknown to the Plaintiffs at | ) |
| time who may be legally | ) |
| responsible for the claim(s) set | ) |
| forth herein who may be added | ) |
| by amendment by the Plaintiffs | ) |
| when their true names and | ) |
| identities are accurately | ) |
| ascertained by further discovery. | ) |
| Until that time, the Plaintiffs will | ) |
| designate these parties in | ) |
| accordance with ARCP 9(h). | ) |
| The word "entity" as used herein | ) |
| is intended to refer to and include | ) |
| any and all legal entities | ) |
| including individual persons, entities, any | ) |
| and all forms of partnership and | ) |
| any and all types of corporations | ) |
| and unincorporated associations. | ) |
| The symbol by which these | ) |
| defendants are designated is | ) |
| intended to include more than one | ) |
| entity in the event that discovery | ) |
| reveals that the descriptive | ) |
| characterizations of the symbol | ) |
| applies to more than one | ) |
| "entity". In the present action, | ) |

the party defendants which the )
plaintiffs must include by descriptive )
characterization are as follows: )
DEFENDANT A, the correct )
designation of the corporation or )
other legal entity known, or person known as )
BOBBY H. HUNTER, )
DEFENDANT B, the correct )
designation of TRUSSVILLE REDEVELOP- )
MENT AUTHORITY, )
DEFENDANT C, (described herein) IRA )
INNOVATIONS, LLC FBO COBY LAKE )
DEFENDANTS C, D & E, the )
persons, corporations or other )
owners, managers, employees or )
those who were charged with or )
undertook to provide reasonably )
safe premises; )
DEFENDANTS F, G & H, who )
had responsibility to properly )
maintain the area where )
the Plaintiffs were injured as result of defect as)
alleged in their complaint; )
DEFENDANTS I, J & K, the )
persons, corporations or other )
legal entities who or which were )
in any way legally responsible )
for the injuries and damages )
claimed all of whose true and )
correct names are otherwise )
unknown to the plaintiffs at this )
time but will be added by )
amendment when ascertained; )
DEFENDANTS L, M & N, the )
persons responsible for training, supervising, )
Hiring, maintaining the premises, servicing, )
repairing, revising and or ensuring that said area)
met city, state, federal and or ADA Code )
specifications for compliance re ramps, curbs, )
and or sidewalks where said Plaintiff )
was injured on the premises. )
)
Defendants. )

## COMPLAINT

## STATEMENT OF PARTIES

1.     Plaintiffs, DELORES BLEVINS and HORACE BLEVINS are married adult resident citizen of Jefferson County in Birmingham, Alabama and are over nineteen (19) years of age.

2.     Defendant, BOBBY H. HUNTER, is an adult resident citizen of Jefferson County in Birmingham, Alabama and is over nineteen (19) years of age who either owns, or during said period of ownership interest from September 16, 1988 to June 11, 2018 performed, hired, engaged, deployed employees, contractors, agents, persons, entities and or firms that installed a defective, faulty, improper sloping of concrete ramps, unmarked areas in or around said ramps with incorrect measurements, non ADA compliant standard make shift ramps that abut the curb in front of the building entrance of 209 Main Street Suite 101, Trussville, Alabama 35173 which is unsafe, hazardous and or dangerous to wit is the place whereby the Plaintiff DELORES BLEVINS tripped, loss balance, fell on her face causing significant permanent injuries after striking concrete on this Defendant's property and or his successors in interest on or about May 1, 2019 while approaching the front door of the commercial establishment as a business invite

3.     Defendant, TRUSSVILLE REDEVELOPMENT AUTHORITY, is an incorporated entity which at all times herein was and is in the business within the jurisdiction of Jefferson County, Alabama who either purchased, acquired and or obtained legal rights from Defendant BOBBY H. NELSON in said property located at 209 Main Street Suite 101, Trussville, Alabama 35173 on or about June 11, 2018.

4.     Defendant, IRA INNOVATION, LLC FBO COBY LAKE, is an incorporated business which at all times herein was and is in the business within the jurisdiction of Jefferson County, Alabama who either purchased, acquired and or obtained legal rights from TRUSSVILLE REDELOVOPMENT AUTHORITY in said property located at 209 Main Street Suite 101, Trussville, Alabama 35173 on or about June 8, 2018.

5.      Defendants (hereafter referred to as "collective negligent, joint and/or severally liable defendants") are enumerated in preceding paragraphs and below paragraphs.

## STATEMENT OF THE FACTS

6.      Plaintiffs adopts, incorporates and re-allege all averments set forth in paragraphs one through five and further alleges as follows:

7.      Plaintiff DELORES BLEVINS alleges that on or about May 1, 2019 as she was approaching the front door of the commercial establishment located at 209 Main Street, Trussville, Alabama 35173 which is the site where she tripped, lost her balance, and fell forward on a defective ramp, area and or location near the front door way of said commercial premises causing Plaintiff DELORES BLEVINS to be seriously injured as a direct and proximate cause of said collective negligence of the defendants' as set forth in this complaint.

8.      Plaintiff DELORES BLEVINS further alleges that she tripped and fell at or near the defective concrete ramp transition between the sidewalk and asphalt that propelled her body forward towards the front doorway of said commercial establishment thusly causing her to loose balance, falling to the ground with force, striking her face, breaking out her front teeth, blooding her face, chin, knees, arms as she struck the concrete pavement. Further and as a result of the Defendants' negligence, she sustained the below injuries, damages and permanent disfigurement as a direct and proximate result of said defendants' collective negligence and or joint and severally liability.

9.      Plaintiff DELORES BLEVINS further alleges that at the time of the incident made the basis of this complaint, the Defendants had a duty, failed, knew or should have known that said area, concrete ramp was not properly sloped, measured, marked with paint, defective, nor complaint to state, county, federal and or was not ADA standards.

10     Defendants actions and or inactions by failing to use reasonable care, failing to
sufficiently warn; failing to give Plaintiff DELORES BLEVINS, as business invitee,
sufficient warning so that she as a business invitee might avoid danger by use of ordinary
care and as result the Defendants: a). breached the duty disclose hidden defects such as
defective improper uneven, sloping concrete ramp; b) permitted incorrect measurements
as to length, width and/or height uneven ramp slope; c). failed to meet code which would
not have been discovered by Plaintiff DELORES BLEVINS as an open and obvious
hazardous condition to wit Plaintiff DELORES BLEVINS tripped, lost her balance, and
/or fell on her face and thusly being injured due to the Defendants' negligence, joint
and/or severally liability for not remediating said conditions set forth in said complaint on
the Defendants' premises; and or d).Defendant  failed to comply with ADA code
concerning the ramp slope at or near the entrance of the commercial business
establishment.

       WHEREFORE WITH ALL PREMISES CONSDERED, Plaintiff DELORES
BLEVINS demands a judgment against said collective Defendants, for her injuries,
seeking compensatory, punitive damages, medical bill reimbursement as direct and
proximate result of the Defendants collectively, jointly, several liability inclusive of cost
of court and expenses.

### COUNT ONE

#### (Negligence)

11.     Plaintiff DELORES BLEVINS adopts by reference each and every allegation set
forth in paragraph one through ten as if fully set out herein and further alleges as follows:

12.     Plaintiff DELORES BLEVINS alleges that Defendants had a duty to disclose
hidden defects that are unknown to a business invitee such as Plaintiff DELORES
BLEVINS and those that would not be discovered by her in the exercise of ordinary care
as a lay person.

13.     Plaintiff DELORES BLEVINS further alleges that the Defendants and fictitious Defendant A-N (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), breached said duty owed to Plaintiff as an invitee, in negligently allowing a hidden defect to exist which is the area to wit the Plaintiff was injured at said site on the Defendant's premises.

14.     Plaintiff DELORES BLEVINS further alleges that Defendants knew or should have known that said concrete slope was not compliant with code and was a hidden defect which constitutes negligence conduct and/or that a business invitee such as Plaintiff DELORES BLEVINS' injuries were foreseeable in that the concrete ramp was defective and not to code.

11.     The Plaintiff DELORES BLEVINS further alleges that as a direct and proximate result of the Defendants' aforesaid negligence, she was injured and damaged as follows:

A. She was caused to suffer fractures, lacerations, breaks, injuries, and /or reconstructive surgery to her face, lips, chin, broken top and bottom teeth, lacerations to her gums, stitches in her chin and lips, lacerations to her arms, knees and or hip;

B. She was caused to seek medical attention for her injuries and will be caused to seek additional medical attention *in the future* for her permanent disfigurement;

C. She was caused to incur medical bills, hospital bills, doctors bills and prescription expenses due to her injuries and she will be caused to incur additional bills in the future;

D. She was caused to suffer physical pain and discomfort;

E. She was caused to suffer mental anguish; and,

F. She was permanently injured in an about her face, upper and or lower extremities.

WHEREFORE WITH ALL PREMISES CONSIDERED, the Plaintiff DELORES BLEVINS demands compensatory and punitive damages against the Defendants and fictitious Defendants A-N (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), in such an amount as a determined by the trier of fact, plus costs.

## COUNT TWO

### (Negligent Hiring, Training, Maintaining, Supervision of Premises)

12.     Plaintiff DELORES BLEVINS adopts by reference each and every allegation set forth above and father alleges as follows:

13.     Plaintiff DELORES BLEVINS further alleges that the Defendants had a duty to properly and adequately hire, train, failing to maintain said premises, and supervise its employees or agents so that said agents/employees would not cause and/or allow hidden defects to exist on said premises  as described herein.

14.     Plaintiff DELORES BLEVINS further alleges that said Defendants breached said duty owed to business invitee such as said Plaintiff by negligently hiring, failing to maintain premises, training and/or supervising its employees or agents in maintaining said premises, resulting in the injuries to the Plaintiff described herein.

15.     The Plaintiff DELORES BLEVINS further alleges that as a proximate result of said Defendants' negligent conduct said Plaintiff was injured and damaged as set out herein.

WHEREFORE WITH ALL PREMISES CONSIDERED, Plaintiff DELORES BLEVINS and HORACE BLEVINS demands compensatory and punitive damages against the all of the aforementioned Defendants and fictitious Defendants A-N (whose true and correct names are unknown to the Plaintiffs at this time but will be added by amendment when ascertained), in such an amount as a determined by the trier of fact, plus costs.

### COUNT THREE

### (Loss of Consortium)

16.     Plaintiffs incorporate by reference the foregoing paragraphs one through fifteen as though fully set forth herein and further allege as follows:

DOCUMENT 2

17.    At the time of the incident which made the basis of this lawsuit, Plaintiffs DELORES and HORACE BLEVINS were married, continued to be married but their relationship has suffered a level of affection and intimacy due to the injuries sustained by Plaintiff DELORES BLEVINS.

18.    As a direct result of the Defendants' action, inaction and or negligence, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

19.    All of the aforesaid injuries and damages enumerated were caused solely and proximately by the negligence of the Defendants.

WHEREFORE WITH ALL PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants' collectively, jointly and severally in an amount determined by the trier of fact plus cost of court.

Respectfully submitted,
s/Antonio D. Spurling, Esquire
Antonio D. Spurling (SPUOO6)
Attorney for the Plaintiff
SPURLING LAW FIRM, LLC
406 19th Street Suite 100
Birmingham, Alabama 35218

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2019-903543.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**DELORES BLEVINS ET AL V. BOBBY H NELSON ET AL**

**NOTICE TO:** IRA INNOVATIONS, LLC, 5184 CALDWELL MILL RD, BIRMINGHAM, AL 35244

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ANTONIO DELFONJIA SPURLING

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 406 19th Street, SUITE 100,, BIRMINGHAM, AL 35218

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DELORES BLEVINS
pursuant to the Alabama Rules of the Civil Procedure.                                         *(Name(s))*

| 8/7/2019 5:49:41 PM | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ ANTONIO DELFONJIA SPURLING
                                                *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
                                                                *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to
_____ in _____ County,
*(Name of Person Served)*        *(Name of County)*

Alabama on _____.
                *(Date)*

| *(Type of Process Server)* | _____<br>*(Server's Signature)* | _____<br>*(Address of Server)* |
|---|---|---|
| | _____<br>*(Server's Printed Name)* | _____<br>*(Phone Number of Server)* |

**01-CV-2019-903543.00**
DELORES BLEVINS ET AL V. BOBBY H NELSON ET AL

| C001 - DELORES BLEVINS | v. | D003 - IRA INNOVATIONS, LLC |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**



AUG 0 8 2019

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DELORES BLEVINS ET AL V. BOBBY H NELSON ET AL

01-CV-2019-903543.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $21.30

Parties to be served by Certified Mail - Return Receipt Requested

BOBBY H NELSON                    S|C              Postage: $7.10
501 LINDEN STREET
TRUSSVILLE, AL 35173              D1

TRUSSVILLE REDEVELOPMENT AUTHORITY                 Postage: $7.10
131 MAIN STREET                  S|C
TRUSSVILLE, AL 35173             D2

IRA INNOVATIONS, LLC             S|C              Postage: $7.10
5184 CALDWELL MILL RD
BIRMINGHAM, AL 35244
                        ~~D1~~ error
                              D3

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail



**Receipt 1 (7019 0700 0001 2745 6452):**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee  $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $

Postage  $

Total Postage and Fees  $

Sent To
BOBBY H NELSON

Street and Apt. No., or PO Box No.
501 LINDEN STREET

City, State, ZIP+4®
TRUSSVILLE, AL 35173

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

AUG 0 8 2019  Postmark Here

**Receipt 2 (7019 0700 0001 2745 6469):**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee  $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $

Postage  $

Total Postage and Fees  $

Sent To
TRUSSVILLE REDEVELOPMENT AUTHORITY

Street and Apt. No., or PO Box No.
131 MAIN STREET

City, State, ZIP+4®
TRUSSVILLE, AL 35173

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

AUG 0 8 2019  Postmark Here

**Receipt 3 (7019 0700 0001 2745 6476):**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee  $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $

Postage  $

Total Postage and Fees  $

Sent To
IRA INNOVATIONS, LLC

Street and Apt. No., or PO Box No.
5184 CALDWELL MILL RD

City, State, ZIP+4®
BIRMINGHAM, AL 35244

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

AUG 0 8 2019  Postmark Here

AUG 0 8 2019

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BOBBY H NELSON

501 LINDEN STREET

TRUSSVILLE, AL 35173

9590 9402 5088 9092 5466 02

2. Article Number *(Transfer from*

7019 0700 0001 2745 6452

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

D\

CV-19-903543 SC

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

## SENDER: COMPLETE THIS SECTION

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRUSSVILLE REDEVELOPMENT AUTHORITY

131 MAIN STREET

TRUSSVILLE, AL 35173

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No



CV-19-903543 S/C

|||||| ||| |||| ||||| ||||| ||| |||| |||||
9590 9402 5088 9092 5466 19

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
■ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)



7019 0700 0001 2745 6469

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

IRA INNOVATIONS, LLC

5184 CALDWELL MILL RD

BIRMINGHAM, AL 35244



|||||||||| |||||||||| ||||||||||
9590 9402 5088 9092 5466 26

2. Article Number *(Transfer from service label)*

7019 0700 0001 2745 6476

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

D3

CV-19-903543 S/C

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
● Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
■ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BOBBY H NELSON

501 LINDEN STREET

TRUSSVILLE, AL 35173

9590 9402 5088 9092 5466 02

2. Article Number (Transfer from

7019 0700 0001 2745 6452

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Faye S Nelson_

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

FAYE S NELSON   6|10|19

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

D1

CV-19-903543 SC

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
● Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
● Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5088 9092 5466 02

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•



JACQUELINE ANDERSON SMITH, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 NO. RICHARD ARRINGTON BLVD
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

AUG 12 2019

JACQUELINE ANDERSON SMITH
CLERK

209-010100

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:



IRA INNOVATIONS, LLC
5184 CALDWELL MILL RD
BIRMINGHAM, AL 35244

9590 9402 5088 9092 5466 26

2. Article Number (Transfer from service label)

7019 0700 0001 2745 6476

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Jared K.  ☑ Agent
                        ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

Jared Klinner                        8-10-18

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

D3

CV-19-903543 S/C

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
● Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
● Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #



9590 9402 5088 9092 5466 26

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•



JACQUELINE ANDERSON SMITH, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 NO. RICHARD ARRINGTON BLVD
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIV. 5706

AUG 12 2019

JACQUELINE ANDERSON SMITH
CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**TRUSSVILLE REDEVELOPMENT AUTHORITY**

**131 MAIN STREET**

**TRUSSVILLE, AL 35173**



9590 9402 5088 9092 5466 19

2. Article Number (Transfer from service label)

7019 0700 0001 2745 6469

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Winifred Pope_          ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

_Winifred Pope_          8/12/6

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

D2

CV-19-903543 s/c

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING#

9590 9402 5088 9092 5466 19

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACQUELINE ANDERSON SMITH, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 N. RICHARD ARRINGTON BLVD
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

AUG 1 3 2019

JACQUELINE ANDERSON SMITH
CLERK



ELECTRONICALLY FILED
8/26/2019 4:49 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(BIRMINGHAM DIVISION)**

| | | |
|---|---|---|
| **DELORES BLEVINS** | ) | |
| **HORACE BLEVINS** | ) | |
| | ) | |
| | ) | **C ASE NO:  01-CV-2019-903543** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BOBBY H. NELSON, et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:     Clerk- Jacqueline Anderson Smith
         Circuit Court of Jefferson County
         716 N. Richard Arrington Blvd.
         Birmingham, AL 35203

         Please take notice that the following discovery documents have been filed on behalf of the Plaintiffs:

(**X**)     Interrogatories to Defendant Bobby H. Nelson
(  )     Plaintiff Response to Interrogatories
(  )     Answers to Supplemental Interrogatories
(  )     Requests for Production of Documents
(  )     Plaintiff Response to Requests for Production of Documents
(  )     Request for Admissions to
(  )     Response to Request for Admissions
(  )     Notice of Intent to Serve Subpoena
(  )     Notice of Deposition for_____.

Date this 26th day of August, 2019

                                        Respectfully submitted,
                                        **/s/Antonio D. Spurling**
                                        ANTONIO D. SPURLING (SPU006)
                                        Attorney for Plaintiff

**OF COUNSEL:**
**SPURLING LAW FIRM, LLC**
406 19th Street, Suite 100
Birmingham, AL 35218
Tel: 205.788.7006
Fax: 205.725-6052
e-mail: aspurling.esq@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 26th day of August, 2019 e-filed a copy of the foregoing pleading to the following attorneys of record:

Lee Stewart, Esquire
Gaines, Gault, Hendrix & Stewart
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243

/s/ Antonio D. Spurling
OF COUNSEL

ELECTRONICALLY FILED
8/26/2019 4:49 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(BIRMINGHAM DIVISION)**

| | |
|---|---|
| **DELORES BLEVINS** ) | |
| **HORACE BLEVINS** ) | |
| ) | |
| ) | **C ASE NO:  01-CV-2019-903543** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **BOBBY H. NELSON, et. al.** ) | |
| ) | |
| **Defendants.** ) | |

**INTERROGATORIES TO DEFENDANT BOBBY H. NELSON**

COMES NOW the Plaintiffs, in the above-styled case and propounds the following interrogatories to this Defendant pursuant to the Alabama Rules of Civil Procedure 33 (a) (b):

1.      Please state the name, address, title and duty of the person or persons who answered or assisted in answering these interrogatories and the place where these interrogatories were answered.

2.      Is this Defendant's name correctly stated in the complaint on file in this case?  If not, state the correct way this Defendant should be designated as a party defendant in an action of law:

      a.      At the time of the occurrence made the basis of this suit;
      b.      At the time these interrogatories were answered.

3.      What is your principal place of business or occupation?

      a.      Please state whether or not this subject property was owned by any other co-owner, investor, silent partner, person, entity or business other than this Defendant prior to the incident date of May 1, 2019.

b.      Please state whether or not this subject property was owned by any other co-owner, investor, silent partner, person, entity or business other than this Defendant on the date of the incident of May 1, 2019.

c.      If your answer to 3b is in the affirmative, please state said entity, person or firm name, address and contact information.

d.      Please state date, name, address and contact information for any other person, entity or firm who purchased and or acquired any or all interest in the subject property from this Defendant.

e.      Please list the name, address, and telephone number of any such person, entity, firm or corporation who had an equitable or ownership interest in the subject property of any other such owner, entity, firm or corporation at the time of the incident which made the basis of this lawsuit.

f.      Please state the period of this Defendant's ownership of the subject property and date of sale to any third party, entity, firm or corporation.

4.      Please state whether or not this Defendant, his assigns, employees, or contractors pulled any permits for renovation, abatement, construction, asphalt and/or concrete work to be performed on said premises during this Defendant's period of ownership.

5.      Please state whether or not this Defendant personally performed any renovation, abatement, construction, asphalt, and or concrete work on the subject property which made the basis of this lawsuit.

6.      Please state the year, name, address, telephone number of each and every independent contractor, employee, entity, firm, or organization that performed any renovation, abatement, construction, asphalt, and/or concrete work on said premises during your period of ownership of said property which is the subject of this lawsuit.

7.      Please state the year, name, address, telephone number of each and every Trussville Municipal and/or Jefferson County inspector that inspected the premises before and after any such renovation, abatement, construction, asphalt, and concrete work on said premises during your period of ownership of said property which is the subject of this lawsuit.

8.      Please state the exact period of ownership that this Defendant owned the subject property.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 26th day of August, 2019 e-filed a copy of the foregoing pleading to the following attorneys of record:

Lee Stewart, Esquire
Gaines, Gault, Hendrix & Stewart
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243

/s/ Antonio D. Spurling
OF COUNSEL

ELECTRONICALLY FILED
8/20/2019 5:27 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

4400.15 LS

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **DELORES BLEVINS,** | ) |
| **HORACE BELVINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action #: CV-19-903543** |
| | ) |
| **BOBBY H. NELSON,** | ) |
| **TRUSSVILLE REDEVELOPMENT** | ) |
| **DEPARTMENT AUTHORITY, LLC** | ) |
| **IRA INNOVATION, LLC, et al.** | ) |
| | ) |
| **Defendants.** | ) |

**ANSWER**

COMES NOW the Defendant, Bobby H. Nelson, and in answer to the Plaintiff's Complaint states as follows:

**PARTIES**

1) Defendant is without sufficient knowledge to admit or deny Paragraph 1 of the Plaintiff's Complaint.

2) Defendant is unaware of the identity of the "Bobby H. Hunter" referenced in Paragraph 2 of the Plaintiff's Complaint. To the extend Paragraph 2 of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, Bobby Nelson, it is denied, and strict proof is demanded thereof.

3) To the extent Paragraph 3 of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

4) To the extent Paragraph 4 of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

5)      To the extent Paragraph 5 of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

6)      Defendant adopts and incorporates Paragraphs 1 through 5 of this Answer as if fully set forth herein.

7)      Paragraph 7 of the Plaintiff's Complaint is denied and strict proof is demanded thereof.

8)      Paragraph 8 of the Plaintiff's Complaint is denied and strict proof is demanded thereof.

9)      To the extent Paragraph 9 of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

10)      To the extent Paragraph 10 of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

## **COUNT ONE**

### **(Negligence)**

11)      Defendant adopts and incorporates Paragraphs 1 through 11 of this Answer as if fully set forth herein.

12)      To the extent Paragraph 12 of Count One of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

13)      To the extent Paragraph 13 of Count One of the Plaintiff's Complaint contains

any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

14)    To the extent Paragraph 14 of Count One of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

11)    Paragraph 11 of the Plaintiff's Complaint is denied and strict proof is demanded thereof.

## COUNT TWO

### (Negligent Hiring, Training, Maintaining, Supervision of Premises)

12)    Defendant adopts and incorporates Paragraphs 1 through 11 of this Answer as if fully set forth herein.

13)    To the extent Paragraph 13 of Count Two of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

14)    To the extent Paragraph 14 of Count Two of the Plaintiff's Complaint contains any allegations of wrongdoing against this Defendant, it is denied, and strict proof is demanded thereof.

15)    Paragraph 15 of the Plaintiff's Complaint is denied and strict proof is demanded thereof.

## COUNT THREE

### (Loss of Consortium)

16)      Defendant adopts and incorporates Paragraphs 1 through 15 of this Answer as if fully set forth herein.

17)      Paragraph 17 of the Plaintiff's Complaint is denied and strict proof is demanded thereof.

18)      Paragraph 18 of the Plaintiff's Complaint is denied and strict proof is demanded thereof.

19)      Paragraph 19 of the Plaintiff's Complaint is denied and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant pleads not guilty.

### SECOND DEFENSE

The Defendant denies each and every material allegation of the Complaint and demand strict proof thereof.

### THIRD DEFENSE

The Defendant claims that this Court lacks personal jurisdiction.

### FOURTH DEFENSE

The Defendant claims that this Court lacks subject matter jurisdiction.

## FIFTH DEFENSE

The Defendant denies that he acted wantonly or negligently on the occasion described in the Plaintiff's Complaint.

## SIXTH DEFENSE

The Defendant pleads the affirmative defense of contributory negligence.

## SEVENTH DEFENSE

The Defendant pleads the affirmative defense of assumption of the risk.

## EIGHTH DEFENSE

The Defendant affirmatively asserts that the area in question and/or alleged hazard/defect was open and obvious.

## NINTH DEFENSE

The Defendant denies that he created the alleged hazard/defect and/or failed to warn of same.

## TENTH DEFENSE

The Defendant denies that he had actual or constructive notice of any dangerous hazard and/or defective condition on the premises as alleged in the Complaint.

## ELEVENTH DEFENSE

The Defendant denies that the Plaintiff is injured to the extent as alleged in the Complaint and demand strict proof thereof.

## TWELFTH DEFENSE

The Defendant states this matter is due to be dismissed as the Complaint was filed outside of the applicable statute of limitations.

## THIRTEENTH DEFENSE

The Defendant asserts Ala. Code §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., 782 So.2d 223 (Ala. 2000), as its Thirteenth Affirmative Defense. Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be reimbursed or paid, in part or in full.

## FOURTEENTH DEFENSE

The Defendant asserts that he is entitled to a set-off or credit of any and all settlement amounts paid by any party or potential party to this litigation, with or not named herein, pursuant to Williams v. Colquitt, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961), and its progeny.

## FIFTEENTH DEFENSE

With regard to punitive damages, the Defendant pleads the following punitive damages defenses:

1.     Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

    a.    It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and

Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provides vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.    The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.    The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.    Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

     c.       The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

     d.       The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

     e.       The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.     Plaintiff's attempt to impose punitive or extracontractual damages on this defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.     The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.     The award of punitive damages against the defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## SIXTEENTH DEFENSE

The Defendant claims that venue is improper.

## SEVENTEENTH DEFENSE

The Defendant reserves the right to amend its answer as future discovery may dictate.

## EIGHTEENTH DEFENSE

This Defendant pleads that service is improper.

## NINETEENTH DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## TWENTIETH DEFENSE

This Defendant pleads the affirmative defense of last clear chance.

## TWENTY-FIRST DEFENSE

This Defendant pleads the doctrine of estoppel and wavier.

## TWENTY-SECOND DEFENSE

This Defendant pleads the doctrine of inconsistent positions as a defense to the Plaintiff's

allegations.

## TWENTY-THIRD DEFENSE

Defendant avers that the Plaintiff's injuries and damages were caused by wrongful acts and

omissions of the Plaintiff and/or parties other than this Defendant.


**/s/ Lee H. Stewart**
Lee H. Stewart (STE133)
Attorney for Defendant
Bobby H. Nelson


**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama  35243
(205) 980-5888
lstewart@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows:

Antonio D. Spurling
SPURLING LAW FIRM, LLC
406 19th Street Suite 100
Birmingham, Alabama 35218

**DATED:       August 29, 2019.**

**/s/ Lee H. Stewart**
OF COUNSEL

ELECTRONICALLY FILED
8/26/2019 5:27 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

4400.15 LS

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **DELORES BLEVINS,** | ) | |
| **HORACE BELVINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action #: CV-19-903543** |
| | ) | |
| **BOBBY H. NELSON,** | ) | |
| **TRUSSVILLE REDEVELOPMENT** | ) | |
| **DEPARTMENT AUTHORITY, LLC** | ) | |
| **IRA INNOVATION, LLC, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>JURY DEMAND</u>

The Defendant in the above-styled cause, Bobby H. Nelson, hereby demands a trial by struck jury.

/s/ **Lee H. Stewart**          
Lee H. Stewart (STE133)
Attorney for Defendant
Bobby H. Nelson

**<u>OF COUNSEL:</u>**
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama  35243
(205) 980-5888
lstewart@ggh-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows:

Antonio D. Spurling
SPURLING LAW FIRM, LLC
406 19th Street Suite 100
Birmingham, Alabama 35218

**DATED:**      **August 29, 2019.**

**/s/ Lee H. Stewart**
OF COUNSEL

ELECTRONICALLY FILED
8/29/2019 5:49 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

4400.15 LS

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **DELORES BLEVINS,** | ) | |
| **HORACE BLEVINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action #: CV-19-903543** |
| | ) | |
| **BOBBY H. NELSON,** | ) | |
| **TRUSSVILLE REDEVELOPMENT** | ) | |
| **DEPARTMENT AUTHORITY, LLC** | ) | |
| **IRA INNOVATION, LLC, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Circuit Court Clerk

Please take notice that the undersigned counsel for Defendant Bobby H. Nelson has on this

date served all parties with the following:

- *Defendant's First Set of Interrogatories to the Plaintiff*

- *Defendant's First Request for Production of Documents to the Plaintiff*

Dated this 29th day of August, 2019.


/s/ Lee H. Stewart
Lee H. Stewart (STE133)
Attorney for Defendant
Bobby H. Nelson


**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama  35243
(205) 980-5888
lstewart@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows:

Antonio D. Spurling
SPURLING LAW FIRM, LLC
406 19th Street Suite 100
Birmingham, Alabama 35218

**DATED:       August 29, 2019.**

                                        **/s/ Lee H. Stewart**
                                        OF COUNSEL

ELECTRONICALLY FILED
8/20/2019 5:49 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

4400.15 LS

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **DELORES BLEVINS,** | ) |
| **HORACE BLEVINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action #: CV-19-903543** |
| | ) |
| **BOBBY H. NELSON,** | ) |
| **TRUSSVILLE REDEVELOPMENT** | ) |
| **DEPARTMENT AUTHORITY, LLC** | ) |
| **IRA INNOVATION, LLC, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

COMES NOW the Defendant, Bobby H. Nelson., and pursuant to Rule 33 of the *Alabama Rules of Civil Procedure* hereby propounds the following interrogatories to be answered separately and fully in writing under oath by the Plaintiff:

## DEFINITIONS

The following words, when used in these Interrogatories, unless otherwise indicated, shall mean:

A.   "Incident" - the event or events, transactions or occurrences made the basis of this suit, including but not limited to, your alleged fall at this particular location.

B.   "You" or "your" - the Plaintiff, Delores Blevins, or any agent or employee of the Plaintiff, including any experts whom you expect to be called as witnesses at trial, attorneys, and persons who have access to the information requested from whom the Defendant can obtain such information.

C.   "Document" and "documents" - all written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to: papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings,

guidelines, charges, manuals, maps, brochures, publications, drafts, newsletters, proofs, galleys, or other pre-publication forms of materials, telephone, lists or indexes, rolodex indexes, books of account, records or invoices reflecting business operations, purchase order, bills, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigation, insurance policies, accident reports, claims forms, bills of lading, way bills, minutes of any corporate meetings, minutes of meetings, or board of directors of corporations, records of negotiations, reports of experts, reports of consultants, all notes or drafts relating to any of the foregoing, all things similar to the foregoing, and any other documents as defined by the *Alabama Rules of Civil Procedure*, of any kind or character in your possession, custody or control, or known by you to exist.

D.     "Describe" or "description" - to (1) provide a narrative statement of the matter in question; (2) identify all documents relating to or referring thereto; (3) identify all persons having knowledge thereof, stating the subject matter of each such person's knowledge and the manner in which his knowledge was obtained; and (4) state what acts were done by each person who, in any way, participated in the matter in question.

E.     "Identify" -

   (1)     When used in reference to an individual shall mean to state his or her full name, position or title, and present residence address;

   (2)     When used in reference to a corporation, shall mean to state its full name, the names of each partner, and its principal place of business, and its business address;

   (3)     When used in reference to a partnership, shall mean to state its full name, the names of each partner, and its principal place of business;

   (4)     When used in reference to a person other than an individual, corporation or partnership shall mean to state its official name, its organizational form and its address;

   (5)     When used in reference to an act, shall mean to state the time and place of the act, the nature of the act, the name of the person or persons performing or joining in the act, and the names of all persons witnessing or having knowledge of such act.

---

## INTERROGATORIES

1. State your correct name, address, date of birth and social security number.

2. With respect to your employment, please:

   a. State the name and address of your employer at the present time;

   b. State the name and address of your employer for the previous fifteen years;

   c. State the name and address of your employer at the time of the occurrence made the basis of this suit.

3. State whether or not you make any claim in this suit for lost wages or income and, if so, state:

   a. The specific date(s) and hours you claim to have missed because of the accident made the basis of this suit.

   b. Your hourly wage at the time of the accident made the basis of this suit.

   c. The number of hours you worked per week immediately prior to the accident made the basis of this suit.

   d. The amount of your weekly earnings immediately prior to the accident made the basis of this suit.

   e. The total amount of lost wages or income you claim.

   f. Whether a doctor wrote you an excuse to miss work and, if so, provide his/her name.

4. Describe each and every injury received by you for which you make claim in this suit.

5. State whether you contend that any of your injuries are permanent in nature and, if so:

   a. Describe each injury you claim is permanent in nature;

   b. State in what manner each respective permanent injury disables you;

   c. State what complaints of pain you presently have as a result of each such respective injury.

6. State the name and address of each doctor who has attended or treated you for injuries received in the occurrence made the basis of this suit. With respect to each such doctor state:

   a. Whether you are under the treatment at the present time;

     b.       What treatment do you expect to receive in the future;

     c.       State the amount of the bill;

     d.       State whether or not each respective doctor has been paid and, if so, by whom;

     e.       Attach to your answers to these interrogatories a copy of all doctors' bills for all such treatment.

7.       State whether you were hospitalized as a result of the occurrence made the basis of this suit and, if so, state:

     a.       The name and address of each hospital;

     b.       The amount of the hospital bill;

     c.       State whether the hospital bill has been paid and, if so, by whom;

     d.       Attach to your answers to these interrogatories a copy of all bills for all such hospitalizations.

8.       State whether you claim any other expense incurred by you as a result of the occurrence made the basis of this suit and, if so, state:

     a.       The name and address of the person or company to whom this expense was incurred;

     b.       The amount of such expense;

     c.       Attach hereto a copy of the bill for such expense;

     d.       State whether such expense has been paid and, if so, by whom.

9.       State whether, ***prior*** to the occurrence made the basis of this suit, you had ever been injured in any manner and, if so, state:

     a.       The date of each injury;

     b.       The extent of said injury;

     c.       How you were injured;

     d.       Any permanent disability resulting from any said injury.

10.     State whether, ***subsequent*** to the occurrence made the basis of this suit, you have been injured in any manner and, if so, state:

      a.     The date of each such injury.

      b.     The extent of the injury.

      c.     How you were injured.

      d.     Any permanent disability resulting from any said injury.

11.     State the name and address of each doctor and hospital by whom you have been treated during the fifteen (15) years preceding the date of the accident made the basis of this suit;

      a.     Describe the condition or disease for which you were treated or examined, and give the dates of each such treatment or examination;

      b.     Describe any and all surgical procedures that you underwent and give the dates of each such surgery.

12.     Please provide the name and address of each and every pharmacy you have used in the past 10 years.

13.     Please state whether you had ever been in this particular location or address prior to the incident in question store prior to the incident in question. If you have, please provide the following information:

      a.     The number of times you had been in this store prior to the occasion in question;

      b.     The last time before the incident in question that you entered this store;

      c.     Whether you had walked on or near the location where the fall took place, and, if so, approximately how many times previously;

      d.     Whether, to your knowledge, the area of the floor where you fell, where the object/protrusion that caused you to fall, was new or different from any time previously.

14.     Identify the purpose of your trip to subject premises on the date of the incident made the basis of this lawsuit, and identify all purchases made.

15.     Please describe, with as much detail as possible, the route that you took within the subject premises, prior to incident made the basis of this lawsuit.  Please include in your answer a description of all items that you gathered, and how you were carrying such items.

16.     State the date on which the incident made the basis of this suit occurred and describe the incident itself in detail.

17.     With respect to your fall, please state in detail the following:

    a.     The reason that you fell;

    b.     Whether you were caused to slip and/or trip over any substance and/or object;

    c.     Whether you were aware of the alleged substance and/or object prior to your fall;

    d.     The origin of the substance and/or object.

18.     Describe in detail all that occurred immediately after you fell, including in your answer the following:

    a.     Whether anyone offered you assistance;

    b.     Whether your injury was treated while at subject premises;

    c.     How you left the subject premises.

19.     State the name, address, and phone number of each person accompanying you at the time of the incident made the basis of this suit.

20.     Please state the name, address, and phone number of anyone who witnessed the incident in question or anyone who has knowledge of the incident made the basis of this lawsuit.

21.     Give the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts surrounding the accident complained of in your Complaint.

22.     State whether any conversation took place between you and any of the defendant's employees, or anyone else, following the incident made the basis of this lawsuit, and:

    a.     Where such conversation took place.
    b.     The name and address of each person present during such conversation.
    c.     What statements were made by you during the conversation.

    d.     What statements were be made by any of the defendant's employees or anyone else you spoke with.

23.     Describe in what manner you contend that Defendant, Bob Nelson or any agent of Defendant, Bob Nelson acted negligently and/or wantonly, and include in your answer any specific acts or omissions which you contend were committed by the Defendant, Bob Nelson which were negligent and/or wanton.

24.     State whether, at the time of the incident made the basis of your Complaint, you utilized any sort of:

    a.      Walking device and/or aid, such as a walker or crutches;

    b.      Leg, knee and/or ankle brace;

    c.      If you answered yes to either subpart a. or b., please identify the name of the doctor that prescribed such device.

25.    State whether, prior to the incident made the basis of your complaint, you had ever experienced and/or complained of problems walking and/or falling.

26.    State whether or not you consumed any alcoholic beverages within twelve (12) hours prior to the accident made the basis of this suit, and if so, state:

    a.      The type of beverage consumed;

    b.      When you consumed it;

    c.      The quantity consumed by you.

27.    List every family member or relative that you or your spouse have living in Jefferson County.

28.    Please state your educational background, including schools attended, dates of attendance, degrees awarded and specialty courses attended and/or degrees obtained.

29.    Have you ever been convicted of a crime?  If so, please state:  crime or offense charged with, date charged, city, state and county where charged, and outcome.

30.    Have you ever filed for bankruptcy?  If so please state the date you filed and in which court you filed.

31.    Have you ever filed a lawsuit for any injury or damages arising out of any occurrence prior to or subsequent to the incident made the basis of this suit?  If so, please state the style, court, case number, name of your attorney, and current disposition of case.

32.    Have you ever filed an insurance claim for any injury or damages arising out of any occurrence prior to or subsequent to the accident made the basis of this suit (other than medical insurance claims)?  If so, describe any claims filed by you or on your behalf, giving the date of the event leading to the claim, the date of the claim, nature of the claim, name and address of the insurance carrier, insurance policy number, claim number, name of your attorney, current disposition of claim.

33.    Have you ever made a claim for worker's compensation benefits?  If so, please state:

a.   To whom such claim was made.

b.   The status of such claim.

c.   Whether benefits or medical expenses were paid as a result of this claim and if so, the nature and amount of benefits or medical expenses paid and the entity to whom said payments were made.

d.   The name, position or title, address, and phone number of the company representative, insurance representative, and any other individuals with whom you discussed, negotiated and/or settled your claim.

34.   At the time of the incident made the basis of this lawsuit, please state whether you were insured or covered under any type of health or medical insurance, Medicare, Medicaid, automobile insurance policy, or any other collateral source which provided health and/or medical benefit coverage or payments on your behalf to health care providers for any of the injuries or damages you are claiming in this lawsuit, and if so, state:

a.   The name of the entity or source that made said payment on your behalf, the amount of said payment, and to whom said payment was made;

b.   The specific expense, injury, damage or treatment said payment was made for;

c.   Whether you were required to pay a deductible and/or co-pay, or any amount out-of-pocket to said entity or provider, and if so, to whom was payment made, and in what amount;

a.   Has any entity, whatsoever, asserted, filed or has standing to assert or file any lien or subrogation claim pertaining to any proceeds you may receive through the disposition of this lawsuit, and if so provide the name of said entity, the amount of said claim, and if a lien has been filed, the county and state where said lien is filed.

35.   Have you ever or are you currently receiving any benefits paid pursuant to a disability plan (including Social Security), retirement plan or other plan provided for sick pay? If so, please state:

a.   The type of plan.

b.   The business/entity the plan is funded by.

c.   When you began receiving benefits.

d.   The reason you began receiving benefits.

e.   The amount of the benefits you receive monthly.

      f.      The length of time you have remaining to receive benefits.

      g.      The attorney's name and address, if any used, who helped you obtain these disability benefits.

36.     State the name and address of each person you expect to call as a witness at the trial of this case.

37.     State whether you expect to call any expert witness at the trial of this case and, if so, state:

      a.      The name and address of each such expert;

      b.      The education, experience and qualifications of each such expert;

      c.      The subject matter upon which each such expert is expected to testify;

      d.      The substance of the facts and opinions to which the expert is expected to testify;

      e.      A summary of the grounds for each opinion.

38.     Do you agree to supplement your answers to each and every interrogatory with any information you gain after answering these interrogatories?

39.     Do you agree to correct these interrogatories if any of these answers become incorrect?

 

**/s/ Lee H. Stewart**
Lee H. Stewart (STE133)
Attorney for Defendant
Bobby H. Nelson

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243
(205) 980-5888
lstewart@ggh-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows:

Antonio D. Spurling
SPURLING LAW FIRM, LLC
406 19th Street Suite 100
Birmingham, Alabama 35218

**DATED:      August 29, 2019.**

**/s/ Lee H. Stewart**
OF COUNSEL

ELECTRONICALLY FILED
8/20/2019 5:49 PM
01-CV-2019-903543.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

4400.15 LS

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| DELORES BLEVINS, | ) |
| HORACE BELVINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action #: CV-19-903543 |
| | ) |
| BOBBY H. NELSON, | ) |
| TRUSSVILLE REDEVELOPMENT | ) |
| DEPARTMENT AUTHORITY, LLC | ) |
| IRA INNOVATION, LLC, et al. | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant, Bobby H. Nelson, and hereby serves the following requests for production to be answered in accordance with the *Alabama Rules of Civil Procedure*:

## DEFINITIONS

The following words, when used in these Requests for Production, unless otherwise indicated, shall mean:

    A.    The terms "You" and "Your" refer to the Plaintiff, Delores Blevins, and to her present or former agents, attorneys, representatives and other persons who have acted or purported to act on her behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

    B.    "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

    C.    The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced,

whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

D.   "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

E.   "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

F.   "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

G.   "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

H.   "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

I.      "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

J.      "Defendant" shall refer to Bobby H. Nelson and any present or former employees, agents, attorneys, representatives and all other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

K.      For each and every requested document that is claimed to be privileged: (i) identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii) state specifically each and every ground on which the claim of privilege is based; (iv) identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## REQUESTS

**Please produce**:

1.      Produce a signed copy of the enclosed medical authorization allowing Defendant to obtain copies of your medical records.

2.      Any and all hospital records from any hospital or infirmary in which you were examined, treated, or confined prior to _or_ subsequent to the accident made the basis of this suit.

3.      Any and all medical reports from any doctor or infirmary in which you were examined, treated, or confined prior to _or_ subsequent to the accident made the basis of this suit.

4.      Any and all medical bills or receipts that you contend were incurred as a result of the accident made the basis of this suit.

5.      Any and all documents related to any disability benefits you are receiving from any agency including, but not limited to, an award letter and other documents regarding the nature of your disability, the frequency of any disability payments and the date of award of any disability benefits.

6.      Any and all bills, invoices, or receipts other than the medical bills that you contend were incurred as a result of the accident made the basis of this suit.

7.      If you are making a lost wage claim, please produce any and all state and federal income tax returns filed by you for the five (5) years prior the subject accident.

8.      If you are making a lost wage claim, please produce any and all state and federal income tax returns filed by you for the years following the subject accident.

9.      Any and all documents related to your employment, including contracts, union agreements, pay stubs, checks, and pay records.

10.     Any and all photographs taken of the incident scene.

11.     Any and all photographs taken of you that are intended to depict your injuries.

12.     Any and all statements taken of the Defendant's present or former employees, including notes, transcripts, memorandums, or reports reflecting any such statements.

13.     Any and all statements taken of any other party or witness, including notes, transcripts, memorandums, or reports reflecting such statements.

14.     Any and all expert reports prepared in connection with this case.

15.     Any and all documents, correspondence, memoranda, statements and/or invoices pertaining to any subrogation claim, lien or right of reimbursement of entity to any funds or proceeds you may receive through the disposition of this lawsuit.

16.     Any and all call records for all telephonic device(s) owned and/or utilized by you during the month of May 2019 including, but not limited to, the following:

       a.      Records reflecting calls placed by you, or anyone acting on your behalf;

       b.      Records reflecting calls received or missed by you, or anyone acting on your behalf.

17.     Any and all documents that you intend to offer as evidence at the trial of this case.

18.     Any and all documentation which you allege is evidence of any wrong doing,

negligence or wantonness on the part of this Defendant.

***Pursuant to Ala. R. Civ. P. 26(b)(5), if information otherwise discoverable is being withheld on a claim that it is privileged, that claim must be expressly made and, upon written request by a party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim.  Therefore, the undersigned hereby requests submission of a "privilege log" within twenty-one (21) days if any documents or communications are being withheld on the basis of a privilege.**

/s/ Lee H. Stewart
Lee H. Stewart (STE133)
Attorney for Defendant
Bobby H. Nelson

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama  35243
(205) 980-5888
lstewart@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows:

Antonio D. Spurling
SPURLING LAW FIRM, LLC
406 19th Street Suite 100
Birmingham, Alabama 35218

**DATED:**        **August 29, 2019.**

**/s/ Lee H. Stewart**
OF COUNSEL

**AUTHORIZATION FOR RELEASE OF MEDICAL CONFIDENTIAL INFORMATION AND RECORDS**

TO:

I hereby give my permission for the Records Custodian to release the following information to Lee Stewart of the law offices of Gaines, Gault, Hendrix & Bishop, PC, 3500 Blue Lake Drive, Suite 425, Birmingham, AL 35243 (205) 980-5888 or his authorized representative:

| | | | |
|---|---|---|---|
| * | Medical Records | * | Reports |
| * | Correspondence | * | Nurse's Notes |
| * | Operative reports | * | Insurance forms |
| * | Orders | * | Patient History Questionnaires |
| * | Summaries | * | Handwritten and typewritten notes |
| * | Charts | * | Memoranda |
| * | Consultation Reports | * | Therapy records (P.T., O.T., Speech, etc.) |
| * | Test results | * | Admission and Discharge Summaries |
| * | Emergency Room records | * | Out-Patient records |
| * | Flight Transport records | * | Prescriptions |
| * | Radiation Therapy records | * | Rehabilitation records |
| * | Lab Tests/reports | * | Pathology reports |
| * | Medication records | * | Statements and bills |
| * | Insurance claims | * | Disability statements |
| * | Videotapes | * | Records from other health care providers |
| * | Workers Compensation Claims | * | EEG and Brain Mapping Studies |
| * | X-rays, MRIs, CT scans, Angiograms, | * | Billing |
| | Myelograms, Discograms, Echocardiograms, | | |
| | Doppler studies, and all other radiological studies or imaging | | |
| * | Any and all information relative to my physical condition | | |

This release does NOT allow disclosure of HIV/AIDS, psychiatric, psychological, or alcohol and/or drug abuse information.
I understand that my records have a privileged and confidential status and that I am waiving that status for the purpose contained with this authorization. I understand that I have the right to refuse to sign this authorization. I understand that the information disclosed by this authorization may be subject to re-disclosure by the recipient and will no longer be protected by the Health Insurance Portability and Accountability Act of 1996. This authorization is for a continuing disclosure, valid for three (3) years after the date of my signature. I understand this authorization may be revoked in writing, although revocation will not be effective as to the disclosure of records the release of which I have previously authorized. A facsimile or photostatic copy of this authorization shall be considered as effective and valid as the original.

 **x**      Please check this line if for legal purposes/issues.

**Patient Full Name:**_____      **DOB:**_____

**Patient' Social Security Number:**_____

Signature of Patient:_____      Date:_____

Signature of Representative:_____      Date:_____
(If patient is a minor or unable to sign, legal guardianship/custody must be substantiated with legal documentation accompanying this authorization).

**(IF COSTS EXCEED $100.00, PLEASE CALL FOR APPROVAL PRIOR TO COPYING SAME.)**